FILED
JUL 2 5 2007
JUL 25, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
NH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BILEK and MARY BILEK, <br><br> Plaintiff, <br><br> v. <br><br> REGIONAL ADJUSTMENT BUREAU, INC. <br><br> Defendant. | 07CV4201 <br> JUDGE PALLMEYER <br> MAGISTRATE JUDGE BROWN <br><br> Jury Demanded |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiffs, Christopher Bilek and Mary Bilek, bring this action to secure redress against unlawful credit and collection practices engaged in by the defendant, Regional Adjustment Bureau, Inc. ("RAB Inc."). Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question) and 15 U.S.C. §1692k (FDCPA). Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because plaintiffs reside in this District.

### PARTIES

3. Plaintiffs, Christopher Bilek and Mary Bilek are residents of Illinois and reside in this District.

4. Plaintiffs are "consumers" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that defendant sought to collect from them a purported bill incurred for non-

business purposes.

5. Defendant RAB Inc. is a corporation organized and existing under the laws of the State of Tennessee. RAB Inc. is a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

## FACTS RELATING TO PLAINTIFFS

6. On May 27, 2007, RAB, Inc. sent plaintiffs a collection letter for a purported debt to Fifth Third Bank.

7. Shortly after receipt of this letter, Mary Bilek telephoned Fifth Third Bank and reminded it that plaintiffs have been waiting over a month for Fifth Third Bank to get back to them regarding the status of the loan.

8. On June 16, 2007, Fifth Third Bank sent Mary Bilek an e-mail referring her to RAB Inc. as the loan had already been sent to collections.

9. Mary Bilek telephone RAB Inc. to discuss the debt and spoke to RAB employee, Melissa Banks.

10. Ms. Bilek explained to RAB Inc. that the amount due was incorrect because it failed to included payments that were already made. Plaintiff explained that she had previously hired an attorney to straighten the Fifth Third account out.

11. Ms. Banks promised to look into the matter and would telephone plaintiff with further information.

12. Instead of calling plaintiffs, on June 19, 2007, RAB telephoned plaintiffs' neighbor Mr. Ruvalcaba. RAB informed the neighbor that it had to speak to plaintiffs immediately and requested that he go to their address to deliver the message.

13. RAB Inc. also inquired as to what Mr. Ruvalcaba knew about

2

Christopher Bilek.

14. Mr. Ruvalcaba is ill and over seventy years old. When he asked if the matter could wait, RAB told him that it could not wait and had to be done as soon as possible.

15. Mr. Ruvalcaba walked over to plaintiffs' home and delivered RAB's message and then provided plaintiffs with the name of Ms. Gates and the telephone number of 800.829.7750.

16. When plaintiffs telephoned Ms. Gates, an RAB Inc. collector, plaintiffs were informed that the account had been transferred back to Fifth Third Bank.

17. Defendant's actions were deliberate and willful.

18. Prior to contacting plaintiff's neighbor, RAB Inc. knew both plaintiffs address and telephone number.

19. RAB Inc. had recently sent a letter to plaintiffs as well as communicated with plaintiffs via telephone. In fact, plaintiffs initiated one of the telephone calls and requested that RAB Inc. call back after it looks into the matter.

20. Plaintiffs were damaged by defendant's actions and suffered extreme embarrassment as a result.

## COUNT I- VIOLATION OF THE FDCPA

21. Plaintiffs incorporate ¶¶ 1-20.

22. RAB Inc. used deceptive means as set out above in an attempt to collect a debt. As such, RAB Inc. violated 15 U.S.C. §1692(e), which prohibits deceptive acts. It contacted a third party for purposes other than obtaining location information. 15 U.S.C. §1692(b), §1692(c) and §1692(e).

3

23. RAB Inc. contacted a third party regarding Plaintiffs' purported debt in violation of §1692(c).

24. Plaintiffs were damaged as a result and suffered extreme embarrassment, aggravation and inconvenience.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. The amounts specified in 15 U.S.C. §1692k;

    b. Attorneys' fees, litigation expenses and costs; and

    c. Such other or further relief as the Court deems appropriate.

## COUNT II – INVASION OF PRIVACY

25. Plaintiffs incorporate ¶¶ 1-20.

26. As a result of RAB Inc.'s scheme, personal information of plaintiffs was made public.

27. Defendant's deception resulted in the disclosure to plaintiff's neighbor that a debt collection company was seeking to collect a debt. This disclosure is highly offensive to a reasonable person.

28. There was no legitimate public concern for defendant to publicly disclose this information.

29. Plaintiffs were damaged as a proximate result of defendant's actions. Plaintiffs' privacy was invaded and they suffered extreme embarrassment.

30. Defendant's actions were deliberate and willful, and were made for its commercial gain.

WHEREFORE, Plaintiffs ask that this Court enter judgment in their favor and

against defendant and award damages as follows:

    A.    Actual damages in an amount to be proven at trial;

    B.    Punitive damages in an amount sufficient to deter defendant and other similarly-situated from engaging in similar conduct in the future;

    C.    Any such other relief the court deems appropriate.

Respectfully submitted,

Plaintiffs

By: _____
Their Attorney

Keith J. Keogh
Alexander Burke
Law Offices of Keith J. Keogh, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)

**JURY DEMAND**
Plaintiffs demand trial by jury.

_____
Keith J. Keogh

5